[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court heard testimony and briefs of the parties were submitted and considered.
The court finds that the issues of novation of the contract and the standing of the assignee of the contract are issues of fact to be decided at further proceedings, i.e. arbitration now pending.
The applicant has, by the required burden of proof in a prejudgment remedy hearing, established that there is probable cause it will succeed in recovering the 10% retainage now held by First Federal Savings and Loan of Waterbury, Connecticut under the contract between the applicant and the respondent Specialty Management Company, hereinafter ("SMC").
Notwithstanding that there was an assignment of the contract by SMC to Simko, Connolly OSER, hereinafter ("SCO"), the applicant denied that it accepted the assignment nor did Consolidated Precast, Inc. release the respondent SMC.
The evidence adduced at trial demonstrated that SCO assumed responsibilities under the contract. SCO accepted the assignment of the contract and accordingly has standing to be named as a party defendant.
The applicant argues and the court agrees:
 "To succeed on its claim of novation the defendant [is] required to prove . . . that the plaintiff [has] agreed to the discharge of the defendant's obligation to it" [citations omitted]
The applicant denied releasing SMC.
S.C.O. conducted itself so as to lead the applicant to CT Page 9835 reasonably conclude that S.C.O. accepted the benefits and obligations of the contract.
Accordingly, the prejudgment may enter in the amount of $24,181.91.
Frank S. Meadow, J.